**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **CRIMINAL NUMBER 07-739** |
| **v.** | ) | |
| | ) | |
| **VINCENT CARTER** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

### MEMORANDUM OPINION & ORDER

**RUFE, J.**                                                        **September 11, 2009**

On November 28, 2007, the a Grand Jury presented an Indictment charging Defendant

Vincent Carter ("Defendant") with one count of possession with intent to distribute cocaine base

in violation of 21 U.S.C. § 844(a)(1); one count of possession of marijuana, also in violation of

21 U.S.C. § 841(a); one count of possession of a firearm in furtherance of a drug trafficking

crime in violation of 18 U.S.C. § 924(c)(1); and one count of a felon in possession of a firearm in

violation of 18 U.S.C. § 922(g)(1).[1]

Following a jury trial on June 29, 2009, Defendant was convicted on three counts of the

Indictment, including: possession with intent to distribute cocaine base, possession of marijuana,

and being a felon in possession of a firearm.  Defendant now moves for a new trial pursuant to

Federal Rule of Criminal Procedure 33,[2] to which the Government filed a Response in

opposition.[3]  For the reasons that follow, the Court will deny Defendant's Motion.

**I.      STANDARD OF REVIEW**

_____

[1] Indictment [Document No. 1].

[2] Mot. for New Trial [Doc. No. 88] ("Def.'s Mot.").

[3] Gov't Resp. [Doc. No. 97].

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."[4] The burden lies with the defendant to prove that a new trial should be granted.[5] Yet, whether or not to grant a motion for a new trial is a decision "'committed to the sound discretion of the trial court.'"[6] The grant of a new trial under Rule 33 is warranted if errors that occurred during trial, either individually or in combination, "'so infected the jury's deliberations that they had a substantial influence on the outcome of the trial.'"[7] In other words, the district court will grant a new trial only if a defendant proves (1) that error occurred at trial, and (2) that error had a substantial influence on the verdict.[8]

## II.    DISCUSSION

It is the party seeking the new trial who bears the burden of demonstrating the likelihood of prejudice. Courts must independently review the record to determine if that party has met that burden.[9] Defendant argues that the alleged juror misconduct entitles him to a new trial. His allegations focus on a matter concerning the jury's deliberations.

---

[4] FED. R. CRIM. P. 33(a).

[5] United States v. Sass, 59 F.3d 341, 350 (2d Cir. 1995); see also 3 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL § 551 (3d ed. 2009).

[6] United States v. Fumo, No. 06-cr-319, 2009 WL 1688482, at *2 (E.D. Pa. June 17, 2009) (quoting United States v. Daniels, No. 95-cr-369, 1996 WL 311444, at *4 (E.D. Pa. June 6, 1996)).

[7] United States v. Thornton, 1 F.3d 149, 156 (3d Cir. 1993) (quoting United States v. Hill, 976 F.2d 132, 145 (3d Cir. 1992)).

[8] Fumo, 2009 WL 1688482, at *2.

[9] United States v. Lloyd, 269 F.3d 228 (3d Cir. 2001)

In accordance with the Court's instruction not to discuss the case or to engage in outside research,[10] the jury foreperson communicated to the Court, via a note, asking whether a juror's conversation with her teenage daughter was tantamount to outside research.  In response to the jury's written inquiry, the Court conducted a brief individual voir dire of the juror in question to initially probe the context and parameters of the alleged conversation.  The juror informed the Court that, in a casual discussion while shopping, she asked her teenage daughter whether two grams of crack cocaine was "a lot."[11]  The juror said that her daughter responded with a shrug and an indistinguishable verbal response.[12]  Asked why she asked her daughter the question, the juror informed the Court that she was just making conversation, not seeking to conduct outside research beyond the information presented at trial.[13]  She also told the Court that the conversation with her daughter did not in any way affect her view of what the verdict should be.[14]

The Court then called in the entire jury.  To directly address the foreperson's written inquiry, the Court informed the jury that the conversation the individual juror had with her daughter was not "outside research" because "it's not research that you can rely on, it's not research that's official, and it would not be research under any guise."[15] The Court then asked the jury what, if anything, they may have been told the individual's daughter said.  Although

---

[10] Trial Tr. June 26, 2009 at 59:5-9.

[11] Trial Tr., June 29, 2009 ("Tr.") at 14:23-15:3.

[12] Tr. at 15:1-3.

[13] Tr. at 16:3-8.

[14] Tr. at 16:9-12.

[15] Tr. at 21:15-24.

Defendant was charged with possession of 2.522 grams of cocaine base or "crack," the foreperson related that the individual juror asked her daughter whether two grams of cocaine base was "a lot," to which her daughter responded "yes." The Court also inquired whether the information regarding the individual juror's conversation with her daughter had in any way affected the jury's deliberations. No member of the jury responded that it had.[16]

The Court then informed the jury that it was convinced that neither the juror who asked her daughter the question, nor the jury as a whole had been influenced by her daughter's response and directed them to continue their deliberations.[17]  Defense counsel's subsequent Motion for Mistrial, which the Court initially took under advisement, was denied. The jurors reached a unanimous verdict, finding Defendant guilty of three of the four counts.  As Defendant cannot demonstrate that error occurred at trial, the Court will deny his Motion.

"Federal Rule of Criminal Procedure 33 provides that 'the court may vacate any judgment and grant a new trial if the interest of justice so requires.' The decision to grant a new trial lies within the discretion of the Court."[18]  A court should grant a new trial "if it ascertains that the verdict constitutes a miscarriage of justice. A court must grant a new trial on the basis of trial errors only when the errors, when combined, so infected the jury's deliberations that they had a substantial influence on the outcome of the trial."[19]

---

[16] Tr. 22:14-19.

[17] Tr. at 22:20-25.

[18] United States v. Bianchi, 594 F. Supp. 2d 532, 538 (E.D. Pa. 2009).

[19] See United States v. Copple, 24 F.3d 535, 547 n.17 (3d Cir. 1994).

4

Defendant has presented the Court with no reason to conclude that the juror's conversation with her teenage daughter affected the jury's deliberations. The juror's teenage daughter cannot be considered an expert or source of admissible evidence regarding any of the questions presented to the jury at trial, as the Court noted. Importantly, during trial, the jury did hear testimony from expert witnesses for both the Government[20] and Defendant[21] pertaining to the implications of the amount of narcotics an individual carries on his or her person for both personal use and for distribution. Both witnesses provided lengthy testimony regarding their opinions as to what the amount of crack cocaine found on the Defendant indicated about his intentions for its use and outlined their qualifications to make such assessments.

Without violating the sanctity of jury deliberations, the Court satisfied itself that the individual juror's conversation with her daughter did not affect deliberations, as the jury agreed. Defendant reiterates the points made in his Motion for Mistrial, but without any further evidence or argument regarding how the juror's question to her daughter affected this jury in its deliberations. The Court can determine no miscarriage of justice and therefore denies Defendant's Motion for a new trial.

An appropriate Order follows.

---

[20] See Trial Tr. June 25, 2009 ("Testimony of Detective Andy Callaghan") at 9-51.

[21] See Trial Tr. June 25, 2009 ("Testimony of David Leff") at 55-111.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| **v.** ) | **CRIMINAL ACTION** |
| ) | **NO. 07-739** |
| ) | |
| **VINCENT CARTER,** ) | |
| ) | |
| **Defendant.** ) | |

<u>**ORDER**</u>

     **AND NOW**, this 11th day of September, 2009, upon consideration of Defendant's

Motion for a New Trial [Document No. 88], the Government's Response [Document No. 97], it

is hereby **ORDERED** that Defendant's Motion is **DENIED**.

     It is so **ORDERED**.

                      **BY THE COURT:**

                      **s/Cynthia M. Rufe**

                      _____

                      **CYNTHIA M. RUFE, J.**